UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED SPECIALTY INSURANCE
COMPANY,

          **Plaintiff,**

          - against -

ALL STATE 12 GENERAL
CONTRACTING CORP. AND MARLIN
GUITY GARCIA,

          **Defendants.**
----------------------------------------------------------x

**OPINION AND ORDER**

18-cv-2863 (NG)(VMS)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 08 2019 ★

BROOKLYN OFFICE

**GERSHON, United States District Judge:**

Plaintiff United Specialty Insurance Company ("United Specialty") filed this diversity action on May 14, 2018 pursuant to 28 U.S.C. § 2201, seeking a declaratory judgment that United Specialty has no duty to defend and no duty to indemnify defendant All State 12 General Contracting Corp. ("All State") in two actions pending in the Supreme Court of the State of New York for Bronx County entitled: (1) *Marlin Guity Garcia v. All State 12 General Contracting Corp.*, Index No. 25050/2017E ("Underlying Action"); and (2) *Marlin Guity Garcia v. Archer Ave. Realty, LLC v. All State 12 General Contracting Corp.*, Index No. 28109/2016E ("Underlying Third-Party Action"). The Underlying Action and Underlying Third-Party Action (collectively, "Underlying Actions") arise from an incident that occurred on November 5, 2016, when defendant Marlin Guity Garcia[1] fell from a height at a construction/demolition project at 148-98 Archer Avenue in Queens, New York.

---

[1] While Ms. Garcia is also a defendant in this action, she has appeared by counsel and filed an answer to the complaint. As a result, plaintiff does not seek a default judgment against her.

Plaintiff alleges that All State was the general contractor at the construction project and that it retained Sky Global as a subcontractor. The subcontract between All State and Sky Global, annexed to the complaint as Exhibit A, required Sky Global to procure insurance coverage. In accordance with this requirement, Sky Global purchased Policy Number 4121630 from United Specialty for the policy period of March 3, 2016 through March 3, 2017 ("United Specialty Policy"). The United Specialty Policy, which is quoted within the complaint and also attached it as Exhibit B, contained an Action Over Exclusion Endorsement which precludes coverage for "bodily injury . . . . to [a]n employee of the named insured arising out of and in the course of ... employment by the named insured ... or performing duties related to the conduct of the named insured's business."

On March 28, 2018, United Specialty received a letter from counsel for All State tendering the defense and indemnity of All State in the Underlying Actions to United Specialty and seeking additional insured status for All State under the United Specialty Policy. According to the tender letter attached to the complaint as Exhibit E, at the time of the accident on November 5, 2016, Ms. Garcia was an employee of Sky Global and sustained work-related injuries in the course of her employment with Sky Global. On April 24, 2018, United Specialty sent All State a partial disclaimer letter citing the Action Over Exclusion Endorsement as an endorsement precluding coverage and agreeing provisionally to participate in the defense of All State. The letter, attached to the complaint as Exhibit F, however, reserved United Specialty's "right to withdraw as counsel and to seek reimbursement for costs incurred as a result of providing All State a defense" and warned All State that United Specialty intended to file a declaratory judgment action regarding its obligations. This action followed.

United Specialty served All State with a summons and complaint for this action on July 19, 2018 and All State's answer was due on August 9, 2018. (Dkt. No. 8). Following All State's failure to appear or answer the complaint, the Clerk of Court entered a certificate of default on November 2, 2018, and plaintiff moved for default judgment on January 30, 2019. (Dkt. Nos. 19, 24–28). In its motion for default judgment, plaintiff argues that the Action Over Exclusion Endorsement precludes coverage to All State as an additional insured under the United Specialty Policy in connection with the Underlying Actions because Ms. Garcia was the named insured's employee, and she received bodily injury arising out of, and in the course of, her employment by Sky Global.

## DEFAULT JUDGMENTS

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). However, the Second Circuit has an "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and "[a] plaintiff is not entitled to default judgment as a matter of right, merely because a party has failed to appear or respond." *LG Funding, LLC v. Florida Tilt, Inc.*, 2015 WL 4390453, at *2 (E.D.N.Y. July 15, 2015). "[T]he court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015).

3

## DISCUSSION

Despite being properly served, All State has failed entirely to participate in this action since it was served on July 19, 2018. Nevertheless, "prior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Mickalis Pawn Shop, LLC*, 645 F.3d at 137 (alterations in original) (internal quotation omitted). Having reviewed the complaint, the exhibits to the complaint, and the additional exhibits annexed to the motion for default judgment, I find that the factual allegations provided in the complaint, accepted as true, provide a proper basis for liability and relief. As alleged, the Action Over Exclusion Endorsement applies to, and precludes, Ms. Garcia's claim of bodily injury against All State as an additional insured.

I note that plaintiff's complaint also seeks to "recoup all the expenses it incurred in the defense of All State in the Underlying Actions." Plaintiff's proposed default judgment order and its memorandum of law in support of its motion for default judgment, however, do not address this claim and plaintiff does not provide any information about the value of those expenses to date. As a result, I conclude that plaintiff is not seeking to recoup those costs, and that it has abandoned this claim against All State. *See, e.g., Am. Home Mortg. Corp. v. Am.'s Choice Mktg., Inc.*, 2008 WL 919598, at *1 (E.D.N.Y. Mar. 20, 2008); *Trustees of Plumbers Local Union No. 1 Welfare Fund, Additional Sec. Benefit Fund, Vacation & Holiday Fund, Trade Educ. Fund & 401(k) Sav. Plan v. Generation II Plumbing & Heating, Inc.*, 2009 WL 3188303, at *3 n.1, *4 n.3 (E.D.N.Y. Oct. 1, 2009); *Lopez v. Royal Thai Plus, LLC*, 2018 WL 1770660, at *8 (E.D.N.Y. Feb. 6, 2018), *report and recommendation adopted*, 2018 WL 1770555 (E.D.N.Y. Apr. 12, 2018).

## CONCLUSION

For the foregoing reasons, United Specialty's motion for default judgment is granted as against All State. The court will enter a declaratory judgment for United Specialty to the effect that United Specialty has no duty to defend or indemnify All State in the Underlying Actions.

The Clerk of Court is respectfully directed to enter judgment for United Specialty accordingly and to terminate the motion pending at docket number 24.

**SO ORDERED.**

/s/ Nina Gershon
**NINA GERSHON**
**United States District Judge**

July 2, 2019
Brooklyn, New York